IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARLON DANTRUCE WILLIAMS, | § | |
| TDCJ NO. 935987, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-2098 |
| | § | |
| WILLIAM STEPHENS, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions | § | |
| Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Marlon Dantruce Williams (TDCJ No. 935987) is a state inmate incarcerated in the Texas Department of Criminal Justice pursuant to a state court judgment. Williams has filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a state court conviction while a state post-conviction application for a writ of habeas corpus, challenging the same conviction, is currently pending. For reasons explained below, this action will be dismissed for failure to exhaust state court remedies.

## I. PROCEDURAL HISTORY

Williams is serving a life prison sentence pursuant to a state court conviction for murder. State v. Williams, No. 820802-A (178th Dist. Ct., Harris County, Tex. Jul. 13, 2000). He states that his conviction was affirmed by the Court of Appeals for the Fourth District of Texas. (Petition, Docket Entry No. 1, p. 3).

He does not indicate that a petition for discretionary review (PDR)was filed. Id. Williams states that he filed a state application for a writ of habeas corpus, pursuant to Article 11.07 of Texas Code of Criminal Procedure, on March 13, 2012. Id. He states that the application is still pending. Id. at 4. Williams also asserts that he has filed a motion for leave to file a writ of mandamus that was denied by the Court of Criminal Appeals. (Petitioner's Motion to Waive Exhaustion Pursuant to 28 U.S.C. § 2254(B)(ii) Docket Entry No. 2, pp. 7-8).

## II. Analysis

This court verified that Williams's conviction was affirmed by the San Antonio Court of Appeals and that no PDR was filed. Williams v. State, 62 S.W.3d 800 (Tex. App. – San Antonio, 2001). This court has also verified that a state habeas application is currently being processed by the Harris County District Clerk's Office where it was filed on March 13, 2012. See Website for Harris County Clerk's Office: http://www.hcdistrictclerk.com.

Under 28 U.S.C. § 2254(b), a habeas petitioner must exhaust available state remedies before seeking relief in the federal courts. See Nobles v. Johnson, 127 F.3d 409, 419-420 (5th Cir. 1997). See also Wion v. Quarterman, 567 F.3d 146, 148 (5th Cir. 2009) ("Before pursuing federal habeas relief, a petitioner is required to exhaust all state procedures for relief.) citing Orman v. Cain, 228 F.3d 616, 619-20 (5th Cir.2000). To exhaust his

state remedies, the petitioner must present the substance of his claims to the state courts, and the claims must have been fairly presented to the highest court of the state. Nobles, at 420, citing Picard v. Connor, 92 S.Ct. 509, 512-13 (1971); Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990). The exhaustion requirement is based on the principle of comity. Coleman v. Thompson, 111 S. Ct. 2546, 2555 (1991). Federal courts follow this principle to afford the state courts the first opportunity "to address and correct alleged violations of state prisoner's federal rights." Id. Therefore, a habeas petitioner must exhaust his state court remedies before presenting his constitutional claims in a federal petition. See Rhines v. Weber, 128 S.Ct. 1528, 1533 (2005).

Regardless of whether the claims in this action are identical to those presented in the current state application, this court will not adjudicate an application while habeas claims are under review by the state courts. See Deters v. Collins, 985 F.2d 789, 797 (5th Cir. 1993) ("Because Deters' state appeal is still pending, we would have to ignore the doctrine of federal-state comity by disrupting that ongoing state process."); see also Williams v. Bailey, 463 F.2d 247, 248 (5th Cir. 1972) ("federal disruption of the state judicial appellate process would be an unseemly and uncalled for interference that comity between our dual system forbids"). Williams must wait until the state courts issue

a decision.  He cannot circumvent the state system and seek relief in federal court.  See Graham v. Collins, 94 F.3d 958, 969 (5th Cir. 1996); Deters, 985 F.2d at 792-794.  See also Bryant v. Bailey, 464 F.2d 560, 561 (5th Cir. 1972).  If a federal habeas petition is filed while state remedies are still being pursued, a federal court has the authority to dismiss the federal petition. Brewer v. Johnson, 139 F.3d 491, 493 (5th Cir. 1998).

Accordingly, this action will be dismissed without prejudice for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by the provisions of 28 U.S.C. § 2254.

Should Williams file a notice of appeal, the court denies the issuance of a Certificate of Appealability for the reasons stated in this Memorandum Opinion and Order.  28 U.S.C. § 2253; Whitehead v. Johnson, 157 F.3d 384, 386 (5th Cir. 1998); Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).

### III. Conclusion

1.  This Petition for a Writ of Habeas Corpus, filed by a person in state custody (Docket Entry No. 1), is **DISMISSED without prejudice** for failure to exhaust state court remedies.

2.  A Certificate of Appealability is **DENIED.**

3.  The Motion to Waive Exhaustion Requirements (Docket Entry No. 2) is **DENIED** for the reasons stated in this Memorandum Opinion and Order.

3.  The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner and to the respondent by

-4-

providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 25th day of July, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE